■ JOHN MULLINS & SONS, INC., Respondent, v CITY OF NEW YORK et al., Appellants. [597 NYS2d 670] —Order and judgment (one paper), Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered March 24, 1992, which, in a proceeding pursuant to CPLR article 78 to annul the respondent Department of Relocation and Management Services' determination, after a hearing, to deny the petitioner's application for relocation expenses, granted the petition and remitted the matter for an administrative hearing on the issue of damages, unanimously reversed, on the law, and the petition is dismissed, without costs. Leave to appeal to this Court is granted, *sua sponte.*

The petitioner is a furniture retailer whose main store, located at 84 Myrtle Avenue in Brooklyn, was condemned in connection with the Metropolitan Technology Urban Renewal project. One of the petitioner's warehouses, located at 37 Tiffany Place, was used in conjunction with this retail store. After the condemnation, the petitioner enlarged its Jamaica, Queens operation and moved its executive operations to that site. The petitioner contended that because of the condemnation of the Myrtle Avenue business, for which it was compensated, it also had to move the warehouse from Tiffany Place to Queens. It therefore instituted this action to recover relocation expenses.

On July 11, 1989, an Assistant Commissioner of the New York City Department of Housing Preservation and Development ("HPD"), Division of Relocation Operations, rejected the petitioner's claim. After an administrative hearing, the Hearing Officer, by report dated October 10, 1989, concluded that the petitioner was not entitled to relocation expenses with regard to the warehouse.

The petitioner then commenced this article 78 proceeding seeking to annul the determination of HPD and awarding it relocation benefits. HPD's cross motion for a *de novo* hearing based on the fact that no record was made of the first hearing was granted. At the conclusion of the hearing, the Hearing Officer, on April 25, 1991, again denied the petitioner's claim. HPD adopted his recommendations. The Supreme Court, concluding that the April 25, 1991 determination was arbitrary and capricious and not supported by law, vacated the determination, granted the petition and remitted the matter for an administrative hearing on the issue of damages.

We reverse. The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, as amended in 1987

(42 USC § 4601 *et seq.)*, requires payment to any person displaced by a Federal or Federally assisted project (42 USC § 4622). Section 4601 (6) (A) (ii) (I) (as amended by Pub L 100-17, § 402 [d]), defines a displaced person for purposes of relocation assistance and expense reimbursement as:

"(ii) * * * any person who moves from real property, or moves his personal property from real property—

"(I) as a direct result of a written notice of intent to acquire or the acquisition of other real property, in whole or in part, on which such person conducts a business or farm operation, for a program or project undertaken by a Federal agency or with Federal financial assistance."

The Act was amended in 1987 to limit payments to those whose property had been moved "as a direct result" of acquisition. The Hearing Officer in this matter concluded that the relocation of the petitioner's warehouse, which was located more than a mile away from its condemned store, was not the "direct" result of the condemnation.

It is well settled that the courts should not interfere with the action taken by an administrative agency unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Since the administrative action denying the petitioner relocation costs was not without foundation in fact, the Supreme Court erred in improperly substituting its judgment for that of HPD *(see, Matter of Gramercy N. Assocs. v Biderman,* 169 AD2d 345, *lv denied* 78 NY2d 863). Concur—Murphy, P. J., Milonas, Rosenberger and Wallach, JJ.